UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  File No.  1:13-CR-214

v.

                                  HON. ROBERT HOLMES BELL

WILLIAM MICHAEL JOHNSON,

        Defendant.
                                        /

**O P I N I O N**

        Defendant William Michael Johnson has been charged in a two-count indictment with conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine.  (ECF No. 1.)  Defendant Johnson has filed a motion to suppress evidence.  (ECF No. 36.)  For the reasons that follow, the motion will be denied.

I.

        For purposes of this motion, Defendant Johnson assumes the following facts gleaned from the indictment, search warrant affidavits, and police reports.  On August 16, 2013, postal inspectors removed an express mail envelope from the mail stream and subjected it to a sniff by a police dog certified in narcotics detection.  After the dog made a positive alert on the envelope, the inspector applied for a search warrant.  On August 19, 2013, Magistrate Judge Scoville issued a search warrant for the envelope.  The warrant was executed on August 19, and the contents of the envelope field tested positive for methamphetamine or

MDMA. The envelope was resealed and delivered to the address on the envelope. A second search warrant was executed at that address, and the envelope was found on the floor of the master bedroom.

## II.

Defendant Johnson moves for suppression of the evidence based on his contention the postal inspector lacked reasonable suspicion to initially seize the envelope and take it out of the mail stream. Defendant Johnson further contends that the search warrants were issued as a result of that initial unlawful seizure, and that therefore all of the evidence seized should be suppressed as fruit of the poisonous tree.

As the party moving to suppress evidence, Defendant Johnson bears the burden of establishing that the evidence was secured in violation of the Fourth Amendment. *United States v. Blakeney*, 942 F.2d 1001, 1015 (6th Cir. 1991); *United States v. Freeland*, 562 F.2d 383, 385 (6th Cir. 1977). Based on the record presented, the Court concludes that Johnson has not met this burden. The Court finds that no evidentiary hearing is necessary because Johnson has not challenged the veracity of any of the statements in the record, nor has he suggested that he would be able to present evidence at a hearing that would satisfy his burden of establishing a Fourth Amendment violation. Johnson's motion fails on several grounds.

**A. Standing**

First, Johnson has failed to show that the seizure of the envelope violated his own Fourth Amendment rights. "[I]n order to claim the protection of the Fourth Amendment, a

defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one that has 'a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143-144 (1978)). "'Because Fourth Amendment rights are "personal," the central inquiry in any suppression hearing is whether the defendant challenging the admission of evidence has shown a legitimate expectation of privacy in the place searched or the thing seized.'" *United States v. Waller*, 426 F.3d 838, 843 (6th Cir. 2005) (quoting *United States v. King*, 227 F.3d 732, 743 (6th Cir. 2000)). Accordingly, in order to establish standing for his suppression motion, Johnson has the burden of showing that he personally had an expectation of privacy in the envelope that society would recognize as legitimate. In *United States v. Elgin*, 57 F. App'x 659 (6th Cir. 2003), the court held that the defendant did not have standing the contest the disputed search and seizure of a package where the package had not been sent by Elgin, addressed to Elgin, or mailed to Elgin's address. *Id.* at 661; *see also United States v. Smith*, 783 F.2d 648, 650 (6th Cir. 1986) (finding that the defendant was not a person aggrieved by the search and seizure because he did not establish a legitimate expectation of privacy in the place searched and asserted no property or possessory interest in either the place searched or the evidence seized).

    Johnson has not asserted that he sent the envelope, that the envelope was addressed

to him, or that it was mailed to his address. The only interest Johnson has expressed in the package is that he was a friend of the addressee and that he had made inquiries on the status of the envelope. (Def. Mot. 4, ECF No. 36.) Johnson has not manifested a subjective expectation of privacy in the envelope that society would recognize as legitimate. Accordingly, he does not have standing to challenge the seizure of the envelope.

**B. Search or Seizure**

Second, even if Johnson could show that he had a legitimate expectation of privacy in the envelope, he has not shown a search or seizure within the meaning of the Fourth Amendment when the envelope was temporarily removed from the mail stream for purposes of subjecting it to a dog sniff.

"'A "search" occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property.'" *United States v. Gant*, 112 F.3d 239, 241 (6th Cir. 1997) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

"What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). "Thus, the Fourth Amendment is not implicated when only external features of a package, like the address labels are examined; there is no reasonable expectation of privacy that the outside of a package given to a mail-carrier will be kept private." *United States v.*

*Hoang*, 486 F.3d 1156, 1159-60 (9th Cir. 2007). "Similarly, the Fourth Amendment is not implicated by the use of a dog sniff by a trained dog to detect contraband in a package." *Id.* at 1160; *see also Illinois v. Caballes*, 543 U.S. 405, 409 (2005) ("[T]he use of a well-trained narcotics-detection dog – one that 'does not expose noncontraband items that otherwise would remain hidden from public view,' – during a lawful traffic stop, generally does not implicate legitimate privacy interests.") (citation omitted). Subjecting the envelope to the dog sniff did not qualify as a search protected by the Fourth Amendment.

Detention of mail could, at some point, become an unreasonable seizure within the meaning of the Fourth Amendment. *United States v. Van Leeuwen*, 397 U.S. 249, 252 (1970). However, removing the envelope from the mail stream would only constitute a seizure to the extent it meaningfully interfered with Defendant's possessory interest in the envelope. *See Gant*, 112 F.3d at 241. The possessory interest in a mailed package is in the package's timely delivery, "not in 'having his package routed on a particular conveyor belt, sorted in a particular area, or stored in any particular sorting bin for a particular amount of time.'" *Hoang*, 486 F.3d at 1160 (quoting *United States v. Hernandez*, 313 F.3d 1206, 1210 (9th Cir. 2002)). Thus, "no seizure occurs if a package is detained in a manner that does not significantly interfere with its timely delivery in the normal course of business." *Id.* at 1162. Under analogous circumstances, the Sixth Circuit has held that "the brief investigative detention and relocation of baggage so that it could be examined by a drug-sniffing dog did not constitute a search or seizure, where the luggage was not opened or otherwise 'exposed

5

to police or public view,' and where this procedure 'caused no meaningful interference with [the] defendant's possessory interest in [his] bag.'" *United States v. Gant*, 112 F.3d 239, 241 (6th Cir. 1997).

In this case, the express mail envelope was mailed on August 15, 2013, and was due to be delivered on August 16. The envelope was temporarily diverted from the ordinary delivery process so that it could be subjected to a dog sniff. The dog alerted on the envelope on August 16, at which time probable cause was established to detain the envelope for purposes of seeking a warrant. Because the initial detention without probable cause did not exceed the delivery period, it did not meaningful interfere with any possessory right to the parcel.

## C. Reasonable Suspicion

Third, even if Johnson had a legitimate privacy interest in the envelope, and even if its temporary detention did meaningfully interefere with his possessory right to the envelope, Johnson's Fourth Amendment challenge would still fail because the detention of the envelope was supported by reasonable suspicion.

If a parcel is removed from the mail stream and detained for a sufficient period of time to cause a meaningful interference with an individual's possessory right, it will still pass constitutional muster if the detention is supported by reasonable suspicion. *See United States v. Robinson*, 390 F.3d 853, 870 (6th Cir. 2004) ("[O]nly reasonable suspicion, and not probable cause, is necessary in order to briefly detain a package for further investigation,

6

such as examination by a drug-sniffing dog."). In *Elgin* the court held that evidence that the package had been mailed from a city that was known to be a common source of illegal drugs, that the package showed a fictitious return address, and that three other packages had been mailed to the same address that also contained fictitious return addresses, was sufficient to support a finding that the authorities had a reasonable suspicion that justified holding the package for a line-up presentation to the drug-sniffing dog. *Elgin*, 57 F. App'x at 661.

In this case the postal inspector's warrant affidavit provided the following reasons for removing the express mail envelope from the mail stream for a dog sniff: it weighed more than eight ounces, it bore a handwritten label, it did not have a business account number, it was addressed from an individual to an individual, it had a fictitious return address, and it was mailed from Phoenix, AZ, which is a known narcotic mailing source location. (Williams Aff. ¶ 7.) Defendant Johnson contends that these reasons would make all envelopes mailed with handwritten addresses from any one individual from the Phoenix area that weighed more than eight ounces subject to a seizure, and that such an overly-broad interpretation of reasonable suspicion is unreasonable. (Def. Mot. 7.) Contrary to Defendant Johnson's assertions, the factors identified by the postal inspector are not overly broad. The factors identified by the postal inspector are further limited to express mail envelopes with false return addresses. The Court is satisfied that the postal inspector identified "specific and articulable facts" that reasonably justified the limited intrusion. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968).

For the reasons stated, Defendant Johnson's motion to suppress will be denied. An order consistent with this opinion will be entered.


Dated: June 5, 2014 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE